IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH CHANDLER,

        Plaintiff,                     No. CIV S-08-2861 KJN (TEMP) P

    vs.

J. WALKER, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding through counsel with an action filed pursuant to 42 U.S.C. § 1983. By order filed July 21, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint. Shortly thereafter, plaintiff was appointed counsel for the limited purpose of assisting plaintiff in the drafting and filing of an amended complaint. Plaintiff, acting through counsel, has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   In order to avoid dismissal for failure to state a claim a complaint must contain
9   more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
10  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
11  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
13  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
14  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
16  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17  granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007),
18  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes,
19  416 U.S. 232, 236 (1974).

20  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
21  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
22  v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
23  least some degree of particularity overt acts in which a defendant engaged that support plaintiff's
24  claim.  Id.  Therefore the complaint must allege in specific terms how each named defendant is
25  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
26  or connection between an individual defendant's actions and a claimed deprivation.  Rizzo v.

1  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
2  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
3         Furthermore, supervisory officials cannot be held vicariously liable for the actions
4  of their subordinates in a § 1983 action.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  A
5  supervisor can be held liable for a violation of constitutional rights even if he or she was not
6  personally involved in the actions which led to the violation if the supervisor implemented a
7  policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving
8  force of the constitutional violation.  Id.  Participation sufficient to incur liability may involve the
9  setting in motion of acts which cause others to inflict constitutional injury.  Johnson v. Duffy,
10 588 F.2d 740, 743-44 (9th Cir. 1978).
11        Therefore, when a named defendant holds a supervisory position, the causal link
12 between him and the claimed constitutional violation must be specifically alleged.  See Fayle v.
13 Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
14 1978), cert. denied, 442 U.S. 941 (1979).  A plaintiff must allege: (1) that the defendant's "own
15 culpable action or inaction in the training, supervision, or control of his subordinates" caused the
16 constitutional injury; (2) that he acquiesce[d] in the constitutional deprivations of which [the]
17 complaint is made;" or (3) that their conduct showed a "reckless or callous indifference to the
18 rights of others."  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991).  Vague and
19 conclusory allegations concerning the involvement of official personnel in civil rights violations
20 are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
21        Because the amended complaint does not ascribe any specific action to any
22 individual defendant, plaintiff's amended complaint must be dismissed.  The court will, however,
23 grant leave to file a second amended complaint.
24        Plaintiff is informed that the court cannot refer to a prior pleading in order to
25 make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
26 complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the previous pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  Plaintiff's amended complaint is dismissed; and

        2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  January 18, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chan2861.14amd.new