IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH CHANDLER,

      Plaintiff,                                No. CIV S-08-2861 CKD P

    vs.

J. WALKER, et al.,

      Defendants.                   ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to all proceedings in this matter being held before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

        By order filed January 18, 2011, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain
9 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
10 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
13 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19 Rhodes, 416 U.S. 232, 236 (1974).

20    Plaintiff's second amended complaint fails to state a claim upon which relief can
21 be granted.  Plaintiff mostly complains about the treatment he has received for mental health
22 issues while at California State Prison Sacramento (CSPS).  Plaintiff names certain persons as
23 defendants, such as Warden Walker, by virtue of their supervisory positions, not because they
24 had any direct involvement in plaintiff's mental health treatment.  But, there can be no liability
25 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
26 defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).

Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

   Plaintiff names persons who do appear to have been involved in treating plaintiff's mental health issues, or at least responsible for attending to them, but plaintiff fails to allege anything indicating that any one of these persons deprived plaintiff of any Constitutional right.  The Eighth Amendment's prohibition against cruel and unusual punishment extends to medical care of prison inmates.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, however, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.  Plaintiff alleges that various housing assignments or other prisoner classifications resulted in him receiving reduced treatment for his mental health issues.  However, he fails to present facts indicating that the decision of any particular defendant to house plaintiff in a particular manner or classify him in some other way amounts to deliberate indifference to serious mental health issues.

   Plaintiff also alleges that during a riot (in which plaintiff was not participating), he was struck by a wooden block fired from a 40mm block gun.  While the use of excessive force violates the Eighth Amendment, Whitley v. Albers, 475 U.S. 312, 319 (1986), plaintiff fails to indicate who shot him with the block gun or provide any facts suggesting as to how that occurred.

   Despite the fact that plaintiff has already been granted two opportunities to cure the deficiencies in his pleadings, he will be provided one final opportunity to amend.  In addition to the information provided above regarding the problems with plaintiff's second amended complaint, plaintiff is reminded that if he chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's Constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Most importantly, as indicated above, the complaint must allege in specific terms how each named defendant is

involved as there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.

Also, plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes a previous complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; absent extraordinary circumstances, plaintiff will not be granted leave to amend again and failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 1, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
chan2861.14